1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Jordan M. Meschkow,                    )    CV 12-01703-PHX-FJM
                                            )
10              Plaintiff,                   )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
     Office of the United States Trustee; United )
13   States  Department  of  Justice;  Ilene  J. )
     Lashinsky; Richard J. Cuellar,          )
14                                           )
                Defendants.                  )
15                                           )
                                            )
16   _____)

17          The court has before it defendants' motion to dismiss (doc. 5), plaintiff's response and

18   cross-motion for sanctions (doc. 8), defendants' reply to the response and response to the

19   motion for sanctions (doc. 12), plaintiff's reply to the response (doc. 14), and plaintiff's notice

20   regarding further evidence for sanctions (doc. 15).  We also have before us defendants'

21   response to plaintiff's motion for temporary restraining order ("TRO") (filed in state court)

22   (doc. 6), and plaintiff's reply (doc. 8).  We also have plaintiff's motion to remand (doc. 7) and

23   defendants' response (doc. 9).  Plaintiff did not reply, and the time for replying has expired.

24   Finally, defendants filed an objection to plaintiff's amended complaint (doc. 11), to which

25   plaintiff responded (doc. 13).

26          This action arises from a stipulation entered into by plaintiff and defendants in

27   bankruptcy court that certain documents would be filed under seal.  Plaintiff alleges that

28   defendants violated the stipulation.  After removing this action from the Superior Court of

1   Arizona in Maricopa County, defendants filed a motion to dismiss on August 10, 2012.

2   Plaintiff amended his complaint on August 18, 2012 (doc. 10).  Because the first amended

3   complaint ("FAC") asserts a claim under the False Claims Act, 31 U.S.C. § 3729, it is sealed.

4        A party may amend his pleading once as a matter of course within twenty-one days

5   after service of a motion under Rule 12(b).  Fed. R. Civ. P. 15(a)(1)(B).  An amended

6   complaint supercedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th

7   Cir. 1992).  Because plaintiff amended his complaint less than twenty-one days after the

8   motion to dismiss was filed, this action is now proceeding under the FAC and the pending

9   motion to dismiss and motion to remand are rendered moot.  Moreover, plaintiff's request for

10  a TRO, which was filed in state court and pertains to the original complaint, is also moot.

11       This is not the first time that plaintiff has attempted to assert claims under the False

12  Claims Act against these defendants.  In a recent case before Judge Wake in this district,

13  plaintiff filed an FAC that added a nearly identical claim against these defendants under the

14  False Claims Act.  After concluding that the False Claims Act claim appeared to be "patently

15  frivolous" because it alleged "nothing that could constitute a claim under the Act," Judge

16  Wake concluded that there was no justification for keeping the complaint from public view

17  and ordered that the case be unsealed.  Meschkow v. Office of the U.S. Tr., No. CV 12-

18  01378-PHX-NVW (doc. 20).  Plaintiff then filed a motion for leave to file a second amended

19  complaint ("SAC").  Judge Wake reviewed the False Claims Act claims in the proposed

20  SAC.  He noted that plaintiff alleged "no claims presented to the United States," concluding

21  that these claims "are patently frivolous and appear to have been brought for the sake of

22  harassment."  Meschkow v. Office of the U.S. Tr., No. CV 12-01378-PHX-NVW (doc. 31).

23  Judge Wake denied plaintiff's motion for leave to amend on August 1, 2012.  That same day,

24  plaintiff filed a notice of voluntary dismissal.

25       Our review of the False Claims Act claims in the FAC here leads us to the same

26  conclusion as Judge Wake.  Indeed, the False Claims Act claims in the FAC and those in the

27  proposed SAC before Judge Wake are virtually identical.  Especially in light of the prior

28  ruling by Judge Wake denying plaintiff's motion for leave to amend in the prior action,

1   plaintiff's recycling of the False Claims Act claims in this FAC appears frivolous. However,

2   the FAC contains other claims that must await a motion to dismiss. Accordingly, we will

3   order that the FAC in this action be unsealed. If the government moves to seal the FAC, we

4   will re-seal it quickly.

5       Plaintiff moves for sanctions against defendants. He argues that defendants' conduct

6   in defending this action somehow amounts to attempted theft of his documents. Thus far,

7   defendants have removed the action, filed a motion to dismiss, and responded to plaintiff's

8   filings. Nothing about these actions would lead us to conclude sanctions under the court's

9   inherent power is appropriate. Defending a lawsuit by asserting defenses that plaintiff

10  disagrees with does not equate to "bad faith or conduct tantamount to bad faith." See Fink

11  v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). Plaintiff's motion for sanctions is denied.

12      **IT IS ORDERED DENYING** defendants' motion to dismiss on grounds of mootness

13  (doc. 5). **IT IS ORDERED DENYING** plaintiff's motion to remand on grounds of

14  mootness (doc. 7). **IT IS ORDERED DENYING** plaintiff's motion for a temporary

15  restraining order on grounds of mootness. **IT IS ORDERED DENYING** plaintiff's motion

16  for sanctions (doc. 8). **IT IS FURTHER ORDERED** that the first amended complaint is

17  unsealed (doc. 10).

18      Under LRCiv 3.8(a)(2), if an action is voluntarily dismissed and a related action is

19  later filed in the district, "the filing party must file a separate notice with the party's

20  complaint" that identifies the dismissed action. The clerk will then assign the new action "to

21  the Judge who was last assigned to the dismissed action." Id. Plaintiff voluntarily dismissed

22  the action before Judge Wake. This action is related to that before Judge Wake because it

23  involves similar claims and parties. Although this action came to us by way of removal from

24  state court, rather than by the filing of a new complaint by plaintiff, we conclude that the

25  purpose of LRCiv 3.8(a)(2) will best be served by transferring this nearly identical action to

26  Judge Wake, especially where as here there is the specter of forum shopping. Accordingly,

27  **IT IS ORDERED** that the clerk shall transfer this action to Judge Wake.

28      Finally, we strongly encourage plaintiff to seek the advice of another lawyer. A

1  lawyer can offer a neutral evaluation of plaintiff's case and recommend the best way for

2  plaintiff to protect his interests.

3          DATED this 14th day of September, 2012.

4

5          _____

6                         Frederick J. Martone
                      United States District Judge

7

8

9  (cc: Judge Wake)

- 4 -